## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Granulated Sugar Antitrust Litigation | MDL No. 24-3110 (JWB/DTS) |
| | **PRETRIAL ORDER NO. 1:** **Establishing Procedures and Setting Initial Pretrial Conference** |

The Judicial Panel on Multidistrict Litigation ("JPML") has centralized a set of related cases in this district for coordinated or consolidated pretrial proceedings. (Doc. No. 1, Transfer Order.)

The Pretrial Orders in this case will be numbered sequentially going forward. Counsel should refer to them by order number if they reference them in the future.

**IT IS HEREBY ORDERED**:

### I.        Consolidation and Applicability of this Order

Any actions filed, whether filed directly in the United States District Court for the District of Minnesota or in any other United States District Court (whether by original filing or removal), that are related to this litigation are hereby consolidated into one action (the "Consolidated Action") for all pretrial purposes, pursuant to Rule 42 of the Federal Rules of Civil Procedure and the JPML Order of June 7, 2024 (Doc. No. 1), under 28 U.S.C. § 1407(a). Any "tag-along" actions later filed in, removed to, or transferred to this Court, or directly filed in the District of Minnesota, will automatically be consolidated with this Consolidated Action without the necessity of future motions or

orders. All related actions that are filed in, removed to, or transferred to this Court as part of this Consolidated Action are referred to hereafter as the "Cases." For any member case transferred to this district as part of the MDL that was previously stayed pending transfer, the stay is hereby lifted.

The Cases are consolidated for pretrial purposes only. This consolidation, however, does not constitute a determination that the Cases should be consolidated for trial, nor does it have the effect of making any person or entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

The provisions of this Order, and any subsequent orders establishing new procedures or amending the established procedures, shall govern the practice and procedure in the Cases. It automatically applies to any Cases that are subsequently transferred to, removed to, or initiated in this Court, without the necessity of future motions or order.

## II.     Deadlines to Answer

Defendants' deadlines to answer or otherwise respond to Plaintiffs' complaints are hereby extended until such time that the Court establishes a timeline for such responses.

## III.     Status Conference and Hearing

The Court will hold an initial status conference in this matter on **August 20, 2024**, at **2:00 p.m.** in Courtroom 3B, United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota.

At least **two weeks** before the initial status conference, by **August 6, 2024**, the parties must submit a Joint Proposed Agenda listing what they propose the Court should address preliminarily in this case and what they otherwise propose the Court address at the initial status conference.

The Joint Proposed Agenda should include a proposed briefing schedule on Plaintiffs' pending Joint Motion to Appoint Interim Co-Lead Counsel and Plaintiffs' Steering Committee, and Consolidate the Related Direct Purchaser Actions (Doc. No. 21), or any other like motions not yet filed. The Court will hold a hearing on Plaintiffs' Joint Motion to Appoint Interim Co-Lead Counsel and Plaintiffs' Steering Committee, and Consolidate the Related Direct Purchaser Actions (Doc. No. 21) at another date and time, to be determined.

The Joint Proposed Agenda should also identify all pending motions in member cases and a proposed briefing schedule for those motions, or an alternative proposal for resolving those motions. The Joint Proposed Agenda will inform the Court's agenda for the initial status conference, which will be circulated to counsel prior to the conference.

Parties are not required to attend the conference. Counsel who will be trying the case or who in your judgment are likely to be involved in directing any substantive aspect of the case should be present for the conference. Counsel who intend to seek a leadership position must attend the initial conference. Parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference.

3

IV.     **Scheduling and Discovery Plan**

At least **two weeks** before the initial status conference, by **August 6, 2024**, the parties shall submit a brief (1) outlining their view of the primary facts, allegations, claims, and defenses involved in this litigation, together with any other pertinent legal and factual background; and (2) providing a list of all similar cases filed both within the District of Minnesota and anywhere else in the country, whether filed in state or federal court, and an overview of the procedural status of each of those cases, which should include (a) the status of discovery in those cases, (b) the status of motions, decisions, and other important events in those cases, if any, and (c) a prediction of which of the cases appear to be the furthest along in litigation or closest to resolution. These briefs will not be binding, will not waive any claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties are limited to one submission for Plaintiffs and one submission for Defendants.

At least **two weeks** before the initial status conference, by **August 6, 2024**, the parties shall also submit a joint proposed case management order. In addition to the normal deadlines and other issues in a pretrial scheduling order, *see* Fed. R. Civ. P. 16, the joint proposed case management order must address the following: (1) electronic discovery; (2) whether establishment of a document repository is necessary, and agreement on a document production format that is search-capable; (3) stipulations regarding service of process; (4) coordination with other state or federal litigation, if any; (5) specific class action litigation concerns or timelines; (6) trial dates; and (7) an

4

overview of settlement discussions and an ideal timeframe for a settlement conference. Disagreement on any of these items should be noted in the joint proposed case management order. Counsel should be prepared to discuss the joint proposed case management order and its contents at the initial status conference.

### V.    List of Affiliated Companies and Counsel

To help the Court identify any issues or matters of recusal or disqualification, counsel must submit to the Court, within **14 days** of receipt of this Order, a list of all companies affiliated with the parties and all counsel associated in this centralized Consolidated Action.

### VI.    Service

Before the initial status conference, service of all papers relating to the initial status conference shall be made on counsel of record appearing in the Cases. The case dockets are the official record of the service list. Counsel are responsible for assuring service of this Order and all future documents on opposing *pro se* parties. This paragraph does not pertain to or alter the requirements for service of process of any summons and/or complaint. After Plaintiffs' interim lead counsel have been designated by order, Plaintiffs' interim lead counsel should accept service on behalf of all Plaintiffs.

### VII.    Stay of Discovery

Pending the initial conference and further orders of this Court, all outstanding Discovery proceedings in the Cases are stayed, and no further discovery in the Cases shall be initiated.

## VIII.   Previous Orders

Any orders, including protective orders, previously entered by this Court or any transferor court, shall remain in full effect unless modified by this Court, with the exception of any transferor court orders imposing pleadings or discovery deadlines, which are hereby vacated.

## IX.    Master Docket File

The Clerk of Court will maintain a master docket under this case number "24-3110 (JWB/DTS)" with a caption styled as "In Re: Granulated Sugar Antitrust Litigation." All papers filed in this case shall bear the identification "MDL No. 24-3110 (JWB/DTS)."

When a pleading is intended to be applicable to all Cases, this shall be indicated by the words "This Document Relates to: ALL ACTIONS" and shall be filed electronically in 24-md-3110. When a pleading is intended to apply to less than all cases, this Court's civil action number for each individual case to which the document(s) relate(s) shall appear immediately after the words "This Document Relates to: . . ." and shall be filed electronically in each member case to which the document(s) applied. The following is a sample of the pleading style:

In re: Granulated Sugar                    MDL No. 24-3110 (JWB/DTS)
Antitrust Litigation

This Document Relates to: . . .

## X.    Filing

Any pleading or paper filed in any of the Cases shall be filed with the Clerk of this Court and not with the transferor district court.

Any pleading or paper shall be filed electronically according to this District's ECF Civil Manual For New Users and Civil ECF Procedures Guide, available at https://www.mnd.uscourts.gov/reference-guides-and-procedures. "Initiating documents" (e.g., original complaints, notices of removal) must be filed electronically as a new case (and not filed in the lead case, MDL No. 24-3110). All other pleadings, motions, and other documents that relate to an individual case shall be filed in both MDL No. 24-3110 (JWB/DTS) and the individual case. Documents relating to all Cases shall be filed only in MDL No. 24-3110 (JWB/DTS).

## XI.    Docketing

When an action that properly belongs as a part of the Consolidated Action is filed in the District of Minnesota or transferred here from another court, the Clerk of this Court shall:

a.    File a copy of this Order in the separate file for such action; and

b.    Make an appropriate entry on the master docket sheet.

## XII.   Admission of Counsel and Appearances

Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this Consolidated Action. Association of local co-counsel is not required. Counsel in a newly filed or transferred action shall complete (1) the MDL Registration Form and (2) the Notice of Appearance form available at https://www.mnd.uscourts.gov/forms/all-forms. After completing the MDL Registration Form, counsel will receive a CM/ECF login enabling them to electronically file the Notice after applying for Multi-District Admission through his or her individual account. Except as provided here, the requirements of Local Rule 83.5(d) are hereby waived.

Each lawyer shall indicate the Court(s) before which he or she is admitted in a page included as an attachment to the complaint labeled "List of United States Federal Courts to which Counsel for Plaintiff is Admitted" and which shall be signed and dated by counsel under the statement, "I hereby certify that I am admitted to the preceding United States District Court(s) and that I have not been disbarred or suspended from practice before any of these Courts or any other United States District Court." In the event that counsel has been disbarred or suspended from practice before any United States District Court, counsel shall set forth in the attachment the circumstances of such disbarment or suspension from practice.

Counsel who are listed on the docket and are no longer affiliated with this action or its member cases must promptly file a notice of withdrawal and substitution of counsel or a motion to withdraw as counsel of record without substitution. Forms for these are

available at https://www.mnd.uscourts.gov/forms/all-forms.

Counsel appearing in this action are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota, as well as *The Manual for Complex Litigation, Fourth* (Federal Judicial Center 2004), which may serve as a resource in the case management of this litigation.

### XIII.  Preservation of Evidence

Each party shall preserve all documents and other records, including electronic information, containing information potentially relevant to the subject matter of this litigation.

### XIV.  Communications with the Court

Unless otherwise ordered, counsel must communicate with the Court in writing, with courtesy copies to all counsel. Communications with the Court and submissions that are instructed not to be filed with the Clerk may be sent to blackwell_chambers@mnd.uscourts.gov. The submissions requested in this Order fall into this category.

### XV.    Official Court website

The Court has created and will maintain a web page devoted to the In Re: Granulated Sugar Antitrust Litigation, which can be found at https://www.mnd.uscourts.gov/content/granulated-sugar-antitrust-litigation. Through this website, parties may access orders; minutes; the calendar; transcripts; forms used in this MDL; contact information for the Court's staff, Plaintiffs' Lead and Liaison Counsel

9

(once appointed), and Defendants' counsel; frequently asked questions; and agendas and reports. Plaintiffs' Lead and Liaison Counsel and Defendants' counsel shall confer with the Court regarding the content of the website.

### XVI.  Cooperation and Communications

The Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and cooperative efforts shall not in any way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work-product doctrine.

Date:   July 17, 2024                                  *s/ Jerry W. Blackwell*
                                                       JERRY W. BLACKWELL
                                                       United States District Judge